IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. CR-08-025-JHP |
| JOHNNY EDWARD SMITH, a/k/a "Tick," a/k/a "Little Johnny," | ) | |
| TERESA LOU MARTIN, a/k/a "Coo," | ) | |
| SEAN WARRIOR, a/k/a "Fat Boy," | ) | |
| NATHAN DAVON SIMMONS, | ) | |
| DANUEL JUNIOR DYER, | ) | |
| MILTON TRAVIS WARRIOR, | ) | |
| PHILLIP JEROME WARRIOR, a/k/a P.J. Warrior, | ) | |
| OCQUINETTA ALICIA DAN, | ) | |
| JEREMY SHANE WOODARD, | ) | |
| OLYMPIA DENISE CALDWELL, | ) | |
| CLARENCE LEE PIERCE, III, a/k/a "Three," | ) | |
| UNA NISHETTA SMITH, and | ) | |
| VANCE EUGENE WINSLOW, III, | ) | |
| Defendants. | ) | |

## **ORDER**

This matter comes on for decision on Defendant Theresa Martin's Motion in Limine (Dkt. # 213) in which Defendant Martin requests this Court exclude from admission into evidence all reference to (1) uncharged drug transactions; (2) the alleged attempted murder/threatening of Milton Warrior; and (3) her pending state court manslaughter case. Defendant asserts allowing the jury to hear about these matters will violate her Fifth Amendment rights, will violate the Double Jeopardy Clause, and should not be allowed pursuant to Rules 401, 402, 403 and 404 of the Federal Rules of Evidence. On July 11, 2008,

the Government filed a response objecting to the defendant's motion and requesting this Court determine that the evidence is admissible. *See*, Dkt. # 220.

On March 12, 2008, Defendant Martin was charged, along with thirteen (13) other individuals, in a twenty-eight (28) count indictment alleging a drug conspiracy. To the extent that the defendant is charged as a principal member of this drug conspiracy, pursuant to 21 U.S.C. § 846, she will be liable for any crimes committed by coconspirators if those crimes (1) were within the scope of the conspiracy or (2) were reasonably foreseen as a necessary or natural consequence of the unlawful agreement. *Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (2006). *See also*, *United States v. Hernandez*, 509 F.3d 1290 (10th Cir. 2007). Defendant seems to argue that allowing evidence of "uncharged drug transactions" would be a violation of the Grand Jury Clause of the Fifth Amendment since a defendant cannot be tried except on those charges returned by the grand jury. The indictment herein, however, charges defendant with a drug conspiracy. It appears that the "uncharged drug transactions" which defendant seeks to exclude are simply overt acts taken in furtherance of the conspiracy. Evidence of overt acts which occurred after the conspiracy was formed and which are related to the object of the conspiracy are admissible regardless of whether they are charged in indictment. *United States v. Christ*, 513 F.3d 762 (7th Cir. 2008). In other words, the government is not limited to proving the overt acts alleged in the indictment, but may show any act of the conspirators, occurring during the life and in furtherance of the conspiracy, for the purpose of proving the conspiracy. *United States v. Milstein*, 481 F.3d 132 (2nd Cir. 2007). Thus, to the extent the defendant requests this Court

to exclude evidence of all "uncharged drug transactions," her motion is denied.[1] However, the defendant may reurge this motion at time of trial if the evidence relating to an "uncharged drug transaction" establishes that said transaction was not committed during the course of this drug conspiracy. Furthermore, as the Government points out, if the defendant testifies at trial and denies dealing in illegal narcotics, evidence of any drug transactions involving the defendant may be admissible for impeachment purposes.

Additionally, according to the indictment, in order to accomplish the objects of the conspiracy, the charged defendants and others are alleged, among other overt acts, to have "used violence and threats of violence to collect drug proceeds, prevent the theft of illegal drugs and drug proceeds, maintain secrecy and to promote discipline among the co-conspirators." *See*, ¶ 9 of Manner and Means of the Conspiracy, at p. 3 of Indictment. Should the evidence establish that the defendant used violence or threats of violence directed toward Milton Warrior during the scope and in furtherance of this conspiracy, the evidence would be admissible to prove how the conspiracy operated. Accordingly, the defendant's motion in limine is denied but may be reurged at the time of trial if the evidence does not establish that the "alleged attempted murder/threatening of Milton Warrior" was within the scope of the conspiracy or was a reasonably foreseeable consequence of any unlawful agreement between the alleged drug conspirators.

---

[1] It should be noted that although defendant has raised an objection under Rule 404 of the Federal Rules of Evidence, this Court does not intend this Order to be construed as waiving any of the notice requirements contained in subsection (b) of that rule.

Defendant also urges this Court to exclude evidence of a pending manslaughter in the District Court of McIntosh County. The Government concedes that the fact defendant is charged is of questionable admissibility. Whether or not this evidence is relevant is a question this Court cannot decide without hearing the evidence. Clearly, however, under Rule 403 of the Federal Rules of Evidence, relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Accordingly, this Court will hold this matter under advisement until time of trial. The Government is hereby directed to approach the bench prior to introduction of any evidence related to this charge in order that the issue can be decided outside the hearing of the jury.

Finally, this Court would note, despite contrary rulings herein, that the Defendant will be allowed to raise any objections authorized by the Federal Rules of Evidence during the course of her trial herein. Accordingly, the Defendant's Motion in Limine is denied as it relates to (1) uncharged drug transactions occurring during the course of the alleged conspiracy and (2) the alleged attempted murder/threatening of Milton Warrior insofar as the evidence establishes it was undertaken during the course of and/or in furtherance of the alleged conspiracy; and held under advisement as it relates to (3) her pending State Court manslaughter case. The Government must approach the bench prior to introduction of any evidence relating to defendant's pending manslaughter charge and establish that the evidence

is relevant to the drug conspiracy and that the probative value of such evidence is substantially outweighed by the danger of unfair prejudice.

It is so ordered on this  7th  day of August, 2008.

                                                      James H. Payne
                                                     United States District Judge
                                                     Eastern District of Oklahoma