**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

UNITED STATES OF AMERICA,       )
                                )
                Plaintiff       )
                                )
v.                              ) No. CR-08-25-FHS
                                )
TERESA LOU MARTIN, a/k/a Coo,   )
                                )
                Defendant.      )

**OPINION AND ORDER**

Defendant, Teresa Lou Martin, has filed a Motion for Modification or Reduction of Sentence (Doc. No. 640) pursuant to 18 U.S.C. § 3582(c)(2). Under 18 U.S.C. § 3582(c), a court is authorized to modify a term of imprisonment if the Sentencing Commission has lowered the applicable sentencing range and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Defendant seeks a modification of her 210-month term of imprisonment based on Amendments to the United States Sentencing Guidelines pertaining to crack cocaine offenses (Amendment 706) and a defendant's criminal history category (Amendment 709).[1] For the reasons stated below, Defendant's motion is denied.

_____

[1] In her motion, Defendant references Amendment 12 in connection with her criminal history category argument. Amendment 12 does not appear to applicable, however, as it pertains to the definition of loss in theft and embezzlement cases. The Court assumes Defendant intends to reference Amendment 709, which makes numerous changes to the wording of sections 4A1.1(f), 4A1.2, 4B1.2 of the Sentencing Guidelines, and the Application Notes to these guidelines pertaining to the method of assigning points to prior criminal convictions when determining one's Criminal History Category.

1

On August 28, 2008, Defendant pled guilty to one count of conspiracy to possess with intent to distribute more than 500 grams of methamphetamine and one count of drug forfeiture. As part of Defendant's written plea agreement, she waived her appellate and post-conviction rights. Plea Agreement, p. 10 (Doc. No. 310). Specifically, with respect to motions to modify pursuant to section 3582(c), Defendant agreed as follows:

> In consideration of the promises and concessions made by the United States in this Plea Agreement, the defendant knowingly and voluntarily agrees to the following terms:
>
> **5. Defendant waives the right to have the sentence modified pursuant to 18 U.S.C. § 3582(c), except for a rule 35(b) motion filed by the government.**
>
> Defendant expressly acknowledges that counsel has explained her appellate and post-conviction rights; that defendant understands her rights; and that defendant knowingly and voluntarily waives those rights as set forth above.

Plea Agreement, p. 10 (Doc. No. 310).

The government contends this waiver bars Defendant from seeking relief in the form of a motion to modify under section 3582(c). The Court agrees.

A waiver of appellate and post-conviction rights will be upheld as long as (1) "the disputed [matter] falls within the scope of the waiver ...; (2) "the defendant knowingly and voluntarily waived his ... rights"; and (3) "enforcing the waiver would [not] result in a miscarriage of justice." United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004)(en banc)(per curiam). First, the plain language of Defendant's Plea Agreement clearly encompasses a motion to modify under section 3582(c) as being within the scope of the waiver. Second, Defendant's execution of the Plea Agreement

and the Fed.R.Crim.P. 11 plea colloquy establish her knowing and voluntary agreement to the waiver of her appellate and post-conviction rights, including her right to have her sentence modified under section 3582.[2] See Hahn, 359 F.3d at 1325 (in assessing whether a waiver was knowingly and intelligently made, the court considers both the language of the plea agreement and the adequacy of the plea colloquy); United States v. Frierson, 308 Fed.Appx. 298, 300 (10th Cir. 2009)(a court's failure to specifically discuss the section 3582(c) aspect of waiver during the plea colloquy does not render the waiver unknowing and involuntary where the plea agreement waiver provision makes specific reference to section 3582(c) and Defendant has made written and oral averments pertaining to the knowing and voluntary nature of his actions). Defendant has not come forth with any evidence to the contrary. See Hahn, 359 Fed.3d at 1329(defendant bears the burden of establishing an unknowing and involuntary waiver). Finally, Defendant has failed to present any evidence or argument to show that a miscarriage of justice would result from the enforcement of the waiver. See Frierson, 308 Fed. Appx. at 301 (miscarriage of justice prong requires movant "to show (a) [the] sentence relied on an impermissible factor such as race; (b) ineffective assistance of counsel in connection with the negotiation of the waiver rendered the waiver invalid; (c) [the] sentence exceeded the statutory maximum; and (d) the waiver is otherwise unlawful and the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" (quoting Hahn, 359 F.3d at 1327). Consequently, the Court finds Defendant

---

[2]  On direct appeal, the Tenth Circuit assessed the knowing and voluntary nature of Defendant's waiver of her right to appeal and concluded that "[t]he plea agreement and plea colloquy demonstrate that Ms. Martin knowingly and voluntarily waived her right to appeal her sentence; thus, the second Hahn requirement was satisfied." (Doc. No. 575, p. 5).

is barred from seeking relief herein as her motion to modify falls within the scope of waiver in her Plea Agreement, such waiver was entered into knowingly and voluntary, and no miscarriage of justice would result from the enforcement of such waiver.

In the alternative, the Court finds Defendant's motion fails on the merits as the Amendments asserted by Defendant for modification of her sentence are not applicable. The two-level reduction under Amendment 706 for crack cocaine offenses does not apply for the simple reason that the small amount of crack cocaine involved in the conspiracy was not used in the calculation of the offense level, but rather, Defendant's guideline computation was based on the actual **methamphetamine** involved in the conspiracy. Thus, Amendment 706 does not apply to Defendant's sentence. Likewise, the criminal history provision, Amendment 709, has no application to Defendant's sentence as she had no prior convictions and zero criminal history points; consequently, her guideline sentence was calculated using a Criminal History Category I, which is the lowest level possible. Thus, Defendant is not entitled to any modification as neither Amendment 709 nor any other Amendment suggested by Defendant could possibly have lowered her criminal history category.

Based on the foregoing reasons, Defendant's Motion for Modification or Reduction of Sentence (Doc. No. 640) pursuant to 18 U.S.C. § 3582(c)(2) is denied.

It is so ordered this 5th day of August, 2010.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma