```
              IN THE UNITED STATES DISTRICT COURT FOR THE
                     EASTERN DISTRICT OF OKLAHOMA
```

UNITED STATES OF AMERICA,       )
                                )
               Plaintiff,       )
                                )
VS.                             ) No. CR-08-25-02-FHS
                                )
TERESA LOU MARTIN, a/k/a Coo,   )
                                )
               Defendant.       )


**OPINION AND ORDER**

    Defendant, Teresa Lou Martin, has filed a Motion to Obtain Relief of a Newly Recognized Right of <u>Alleyne</u> by the United States Supreme Court (Doc. #695). Defendant alleges that she is entitled to have her sentence conform with the Sixth Amendment requirements as stated in <u>Alleyne</u>. <u>Alleyne</u> requires that any facts which can be used to increase either the floor or the ceiling of a criminal penalty must be found by a jury. <u>Alleyne v. United States</u>, 133 S.Ct. 2151, 2161 (2013). For the reason's stated below, the Defendant's Motion is denied.

    On August 28, 2008, Defendant pled guilty to one count of conspiracy to possess with intent to distribute more than 500 grams of methamphetamine and one court of drug forfeiture. As part of Defendant's written plea agreement, she waived her appellate and post-conviction rights. Plea Agreement, p. 10 (Doc. # 310). In this Plea Agreement, Defendant agreed to the following:

> In consideration of the promises and concessions made
> by the United States in this Plea Agreement, the
> defendant knowingly and voluntarily agrees to the
> following terms:

1

> 5. Defendant waives the right to have the sentence modified pursuant to 18 U.S.C. Sec. 3582 (c), except for a rule 35 (b) motion filed by the government.
>
>> Defendant expressly acknowledges that counsel has explained her appellate and post-conviction rights; that defendant understands her rights; and that defendant knowingly and voluntarily waives those rights as set forth above.

Plea Agreement, p. 10 (Doc. #. 310). Plaintiff argues this provision operates as a waiver of Defendant's rights to appellate and post-conviction relief as part of the written plea agreement. This Court and the Tenth Circuit Court of Appeals have previously found Defendant has waived her rights to sentencing relief pursuant to this provision in the Plea Agreement. (Doc. #575 at 4-5) and (Doc. #642 at 2-4). Accordingly, this court once again finds that Defendant has effectively waived her rights to appellate and post-conviction relief as part of the written plea agreement.

Even if the court were to find that Defendant's waiver was ineffective, this court finds that it lacks jurisdiction to reduce Defendant's sentence. "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authority." United States v. Smartt, 129 F.3d 539, 540 (10th Cir. 1997). While it is difficult to tell from Defendant's pleading, it appears she is attempting to rely on 28 U.S.C. Sec. 2255 (f)(3) for relief. This provision provides that a Defendant has a one-year limitations period from the "date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. Sec. 2255 (f)(3). While Alleyne does provide a newly recognized right, it has not been made retroactive to cases on collateral review. In re Payne, 733 F.3d

2

1027, 1029-30 (10th Cir. 2013).

Where a motion for sentencing reduction "is not a direct appeal or a collateral attack under 28 U.S.C. Sec. 2255, the viability of the motion depends entirely on 18 U.S.C. Sec. 3582 (c) ." Smartt at 540. Section 3582 provides that a "court may not modify a term of imprisonment once it has been imposed" except in three circumstances. 18 U.S.C. Sec. 3582( c).

> First, upon motion of the Director of the Bureau of Prisons, a court may reduce the term of imprisonment if it finds special circumstances exist. 18 U.S.C. Sec. 3582 (c)(1)(A)(i)(ii). Second, a court may modify a sentence if such modification is "otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."Id. Sec. 3582 (c)(1)(B). Finally, a court may modify a sentence if "a sentencing range...has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. Sec. 3582 (c)(2). Smartt at 540-541.

Defendant has failed to establish that she fits into any of these factual scenerios. Thus, her claim for relief also fails because this court lacks jurisdiction.

Finally, the court finds that Alleyne is not applicable to the facts of this case. Alleyne is distinguishable from the case at bar. Alleyne applies to cases where the Judge determines the facts that set the range of punishment. Here, no such fact-finding by the Court was done. As part of her plea agreement, Defendant stipulated that "the readily provable quantity of illegal substances foreseeable to this defendant in the conspiracy as charged in Count One is more than 500 grams but less than 1.5 kilograms of actual methamphetamine." Plea Agreement, p. 12 (Doc. #310). Thus, there was never a fact-finding by the Judge but rather the facts were stipulated.

Accordingly, the Motion to Obtain Relief of a Newly Recognized Right of <u>Alleyne</u> by the United States Supreme Court (Doc. #695) is hereby denied.

DATED this 28th day of February, 2014.

*Frank H. Seay*
United States District Judge
Eastern District of Oklahoma